539 F.2d 706
 76-2 USTC P 9479
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
United States of America, Appellee
v.
Mike Tecton, Appellant.
 No. 75-1099.
 United States Court of Appeals, Fourth Circuit.
 June 14, 1976.
 
 Before WINTER, CRAVEN and Butzner, CIRCUIT JUDGES.
 
 PER CURIAM
 
 1
 In this pro se appeal, Mike Tecton seeks reversal of the judgment entered on a jury verdict finding him guilty of three counts of willful failure to file an income tax return in violation of 26 U.S.C. Sec. 7203. Defendant advises us that the grounds for reversal on which he relies are the same as those which were set forth in a motion for acquittal which he filed in the district court. There, defendant challenged the government's proof of his need to file income tax returns for the three years in question on the theory that the government proved only his gross receipts for each of the three years, but failed to prove that his gross income was in an amount sufficient to require a return to be filed. Tecton appeared to be arguing that his "gross income" was his "gross receipts" less business expenses.
 
 
 2
 The argument is legally frivolous. The evidence at trial was uncontradicted that Tecton received in excess of $7,500 in each of the three tax years as compensation for services as an architect and draftsman. Such receipts constitute "gross income." See 26 U.S.C. Sec. 61. We therefore conclude that the government clearly established that Tecton received gross income in each of the three tax years in question in excess of the amount which under 26 U.S.C. Sec. 6012 makes filing mandatory ($1,700 in 1971 and $2,050 in 1972 and 1973). Accordingly, he was required in each of those years to file an income tax return.
 
 
 3
 Defendant also challenged the sufficiency of the proof that his failure to file returns was willful. We think the proof sufficient. An Internal Agent testified that he had warned defendant that failure to file a return was unlawful. Defendant admitted that he had published a book in which he acknowledged failing to file returns in past years in protest against the alleged unconstitutionality of the Internal Revenue Code. The evidence was thus sufficient to show that the failure to file was not a mere inadvertence, and the charge to the jury on willfulness was totally unobjectionable.
 
 
 4
 We perceive no other grounds of attack upon the validity of the convictions which warrant discussion. We therefore dispense with oral argument and affirm the judgment of the district court.
 
 
 5
 AFFIRMED.